# EXHIBIT 1

IN THE CIRCUIT COURT OF HINDS COUNTY, MISSISSIPPI
FIRST JUDICIAL DISTRICT

PATRICIA WHITFIELD     PLAINTIFF

VS.     NO.2016-0326

FT471, LLC and FUEL TIME, LLC d/b/a FUEL TIME (Brandon)     DEFENDANTS
TIME SAVER 4, LLC d/b/a MARATHON GAS STATION
JABA, LLC d/b/a FUEL TIME #10 (Gluckstadt)
BEDI THIND BEDI, LLC d/b/a TIME SAVER a/k/a EXXON 221 (Clinton)
BEDI INVESTMENTS
RAVINDER SINGH BEDI
SATVINDER SINGH BEDI
SONYA BEDI
NAVJOT S. THIND AND
SUKHDEV S. BEDI

---

**PATRICIA WHITFIELD'S AMENDED COMPLAINT
AND DEMAND FOR JURY TRIAL**

---

COMES NOW the Plaintiff, PATRICIA WHITFIELD, by and through her undersigned counsel, and files this Complaint against Defendants FT471, LLC and FUEL TIME, LLC d/b/a FUEL TIME (Brandon), TIME SAVER 4, LLC d/b/a MARATHON GAS STATION, JABA, LLC d/b/a FUEL TIME #10 (Gluckstadt), BEDI THIND BEDI, LLC d/b/a TIME SAVER a/k/a EXXON 221 (Clinton), BEDI INVESTMENTS LLC, RAVINDER SINGH BEDI, SATVINDER SINGH BEDI, SONYA BEDI, NAVJOT S. THIND, AND SUKHDEV S. BEDI (each individually, "Defendant" or collectively "Defendants") and states as follows:

## INTRODUCTION

1. This is an action for damages and for the purpose of obtaining relief under the federal Fair Labor Standards Act of 1938, 29 U.S.C. § 201, *et seq.*, ("FLSA") for unpaid overtime wages, liquidated damages, compensatory damages, punitive damages, lost wages, legal fees and costs, prejudgment and post-judgment interest, and obtain declaratory relief, and/or injunctive relief, and any other such relief as available under federal and state laws.

## THE PARTIES, JURISDICTION, AND VENUE

2. This Court has jurisdiction over FLSA claims pursuant to 29 U.S.C. Section 216(b).

3. Venue is proper in the First Judicial District of Hinds County, Mississippi because a substantial part of the events or omissions giving rise to the claims herein occurred in this district.

4. Plaintiff Patricia Whitfield is an adult resident citizen of Jackson, Hinds County, Mississippi.

5. At all times relevant to this Complaint, Defendant FT471, LLC, a Mississippi limited liability company, owned and operated a gas station and convenience store on Highway 471 in Brandon, Rankin County, Mississippi that did business as Fuel Time. FT 471, LLC may be served with process by serving its registered agent, Navjot S. Thind, at 200 Wood Turtle Court, Brandon, MS 39047.

6. At all times relevant to this Complaint, Defendant Fuel Time, LLC, a Mississippi limited liability company, owned and operated a gas station and convenience store on Highway 471 in Brandon, Rankin County, Mississippi that did business as Fuel Time. Fuel Time, LLC may be

served with process by serving its registered agent, Ravinder Singh Bedi, at 457 Bozeman Road, the City of Madison, Madison County, Mississippi.

7.  At all times relevant to this Complaint, Defendant Time Saver 4, LLC, a Mississippi limited liability company, owned and operated a gas station and convenience on Highway 49 South in Richland, Rankin County, Mississippi that did business as Marathon. Time Saver 4, LLC may be served with process by serving its registered agent, Navjot S. Thind, at 200 Wood Turtle Court, Brandon, MS 39047.

8.  At all times relevant to this Complaint, Defendant JABA, LLC, a Mississippi limited liability company, owned and operated a gas station and convenience store on Gluckstadt Road in Madison, Mississippi that did business as Fuel Time #10. JABA, LLC may be served with process by serving its registered agent, Gregory P. Giddens, at 385 Edgewood Terrace, Jackson, MS 39206.

9.  At all times relevant to this Complaint, Defendant Bedi Investments, LLC, a Mississippi limited liability company, owned and operated a gas station and convenience store on Gluckstadt Road in Madison, Mississippi that did business as Fuel Time #10. Bedi Investments, LLC may be served with process by serving its registered agent, Satvinder Singh Bedi at 457 Bozeman Road in the City of Madison, Madison County, Mississippi.

10. At all times relevant to this Complaint, Defendant Bedi Thind Bedi, LLC, a Mississippi limited liability company, owned and operated a gas station and convenience store on Clinton Boulevard in Clinton, Hinds County, Mississippi that did business as Time Saver. Bedi Thind Bedi, LLC may be served with process by serving its registered agent, Navjot S. Thind, at 200 Wood Turtle Court, Brandon, MS 39047.

11.     Defendant Ravinder Singh Bedi is an adult resident citizen of 457 Bozeman Road, Madison, Mississippi.

12.     Defendant Satvinder Singh Bedi is an adult resident citizen of 457 Bozeman Road, Madison, Mississippi.

13.     Defendant Sonya Bedi is an adult resident citizen of 457 Bozeman Road, Madison, Mississippi.

14.     Defendant Navjot S. Thind is an adult resident citizen of 200 Wood Turtle Court, Brandon, Mississippi.

15.     Defendant Sukhdev S. Bedi is an adult resident citizen of 244 Charlestown Drive Madison, Mississippi.

16.     At all times relevant to this Complaint, Defendants FT471 LLC, Fuel Time LLC, Time Saver 4 LLC, JABA LLC, Bedi Investments LLC and Bedi Thind Bedi LLC were employers subject to the provisions of the FLSA. 29 U.S.C. §203(d).

17.     At all times relevant to this Complaint, the individual Defendants, Ravinder S. Bedi, Satvinder S. Bedi, Navjot S. Thind, Sukhdev S. Bedi, and Sonya Bedi were employers subject to the provisions of the FLSA. 29 U.S.C. §203(d).

18.     At all times material to this Complaint, Defendants were an enterprise engaged in interstate commerce as defined by the FLSA. 29 U.S.C. §203(r).

19.     Upon information and belief, the annual gross sales volume of FT471 LLC, Fuel Time LLC, Time Saver 4 LLC, JABA LLC, Bedi Investments LLC and Bedi Thind Bedi LLC were in excess of $500,000 per annum.

20. At all times relevant to this Complaint, Plaintiff was an employee of Defendants, entitled to the protections of the FLSA. 29 U.S.C. §203(e).

21. At all times relevant to this Complaint, Defendants were subject to the requirement of 29 U.S.C. §207 that employees may not work more than forty (40) hours per week without receiving "overtime" compensation at a rate of not less than one and one-half times their regular rate of pay.

22. Violating the FLSA may lead to criminal felony charges and persons who willfully violate any of the provisions of the FLSA "shall upon conviction thereof be subject to a fine of not more than $10,000, or to imprisonment for not more than six months, or both." 29 U.S.C. §216(a).

## STATEMENT OF FACTS

23. At all times relevant to this Complaint, Plaintiff was employed as a non-exempt/hourly paid cashier at Fuel Time in Brandon, Time Saver in Clinton, Marathon in Richland and Fuel Time #10 in Madison.

24. Defendants required Plaintiff to work in excess of 40 hours each week.

25. In most instances Plaintiff worked six days per week accumulating an average of seventy (70) to eighty (80) hours each week and only received straight time pay.

26. At all times relevant to this Compliant, Defendants failed to pay Plaintiff overtime compensation at one and one-half times her regular rate of pay for all hours worked over 40 hours each week.

27.     Defendants were aware that their failure to compensate Plaintiff at one and one half times her regular rate of pay for those hours she worked in excess of forty (40) hours per week was a violation of he FLSA.

28.     At all times relevant to this Complaint, Ravinder S. Bedi, Satvinder S. Bedi and Navjot S. Thind were owners and members of FT 471, LLC.

29.     At all times relevant to this Complaint, Ravinder S. Bedi, Satvinder S. Bedi and Navjot S. Thind were owners and members of Fuel Time, LLC.

30.     At all times relevant to this Complaint, Ravinder S. Bedi, Navjot S. Thind, and Sukhdev S. Bedi were owners and members of Time Saver 4, LLC.

31.     At all times relevant to this Complaint, Ravinder S. Bedi and Satvinder S. Bedi were owners and members of JABA, LLC.

32.     At all times relevant to this Complaint, Ravinder S. Bedi, Navjot S. Thind, and Sukhdev S. Bedi were owners and members of members of Bedi Thind Bedi, LLC.

33.     At all times relevant to this Complaint, Ravinder S. Bedi and Satvinder S. Bedi were owners and members of Bedi Investments, LLC.

34.     At all times relevant to this Complaint, Defendants Ravinder S. Bedi, Satvinder S. Bedi and Navjot S. Thind were involved in the operation and management and exercised their power to (i) hire and fire; (ii) determine rates and methods of payment; (iii) supervise and control employees' work schedules and conditions of employment; and (iv) maintain employment records of Fuel Time gas station and convenience store in Brandon, MS.

35.     At all times relevant to this Complaint, Defendants Ravinder S. Bedi, Navjot S. Thind, and Sukhdev S. Bedi were involved in the operation and management and exercised their power

to (i) hire and fire; (ii) determine rates and methods of payment; (iii) supervise and control employees' work schedules and conditions of employment; and (iv) maintain the employment records of Marathon gas station and convenience store in Richland, MS.

36.     At all times relevant to this Complaint, Defendants Ravinder S. Bedi, Satvinder S. Bedi, and Sonya Bedi were involved in the operation and management and exercised their power to (i) hire and fire; (ii) determine rates and methods of payment; (iii) supervise and control employees' work schedules and conditions of employment; and (iv) maintain employment records of Fuel Time #10 gas station and convenience store in Madison, MS.

37.     At all times relevant to this Complaint, Defendants Ravinder S. Bedi, Satvinder S. Bedi, and Sukhdev S. Bedi were involved in the operation and management and exercised their power to (i) hire and fire; (ii) determine rates and methods of payment; (iii) supervise and control employees' work schedules and conditions of employment; and (iv) maintain employment records of Time Saver in Clinton, MS.

38.     At all times relevant to this Complaint, Defendants were required to make and keep accurate and detailed payroll records for non-exempt employees. 29 U.S.C. §211(c); 29 C.F.R. §516.2.

39.     Among other things, Defendants were required to make and keep payroll records containing the time of day and day of week on which their employees' workweek begins, regular hourly rate of pay for any week in which overtime pay is due, hours worked each workday and total hours worked each workweek, total daily or weekly straight time earnings, total premium pay for overtime hours, total wages paid each pay period, and date of payment and the pay period covered by payment, and records of remedial payments. 29 C.F.R. §516.2 (a) and (b).

40. Defendants were required to maintain the payroll records described in paragraph 38 for a minimum of three years. 29 C.F.R. §516.5.

### COUNT I: EQUITY/UNJUST ENRICHMENT

41. Plaintiff re-alleges and incorporates by reference each and every allegation in this Complaint as though fully set forth herein.

42. Defendants received the benefit of Plaintiff's work, without properly compensating her for overtime worked.

43. As a matter of equity, Defendants should not be allowed to prosper at Plaintiff's expense.

44. The money Defendants owe Plaintiff as wages, all inured directly to Defendants' benefit by their nonpayment to Plaintiff for work done. Plaintiff should receive compensation to which she is entitled in equity and Defendants should not be unjustly enriched by its nonpayment of wages to Plaintiff for the work she did.

### COUNT II: FAIR LABOR STANDARDS ACT

45. Plaintiff re-alleges and incorporates by reference each and every allegation in this Complaint as though fully set forth herein.

46. Plaintiff Whitfield worked in excess of forty (40) hours per week for which she did not receive overtime compensation at the statutory rate of one and one-half times her regular rate of pay as required by the FLSA.

47. In most instances Plaintiff worked six days per week accumulating an average of seventy (70) to eighty (80) hours each week and only received straight time pay.

48. Plaintiff was legally entitled to be paid overtime at the statutory rate of one and one half times her regular rate of pay for all hours worked in excess of forty (40) hours per week.

49.     Defendants knew that failing to pay overtime was prohibited by the FLSA at the time the overtime violations occurred.

50.     Defendants' actions were willful and/or showed reckless disregard for the FLSA.

51.     Defendants' unlawful conduct was repeated and consistent.

52.     Defendants' conduct demonstrate a reckless disregard for the FLSA.

53.     Defendants' willful and reckless failure to pay overtime entitles Plaintiff to recover damages for the three year period preceding April 18, 2016.

### COUNT III:   VIOLATION OF 29 U.S.C. § 215 (RETALIATION)

54.     Plaintiff re-alleges and incorporates by reference each and every allegation in this Complaint as though fully set forth herein.

55.     Plaintiff Whitfield engaged in protected activity by complaining that she was not being paid overtime wages for work performed at Fuel Time #10.

56.     During that conversation, one of the managers told Plaintiff that she would be paid overtime only if she agreed that her hourly rate would be reduced from $11.50 per hour to minimum wages.

57.     Shortly after refusing the offer, Members and Managers of Fuel Time #10 terminated Plaintiff's employment without a legitimate, non-retaliatory reason.

58.     A causal link exists between the Defendants' decision to terminate Plaintiff and the Plaintiff engaging in FLSA protected activity; namely, complaining about unpaid overtime compensation.

59. Pursuant to 29 U.S.C. § 215, Plaintiff was entitled to engage in and assert FLSA protected activities and rights without retaliation.

60. Fuel Time #10, Ravinder Bedi, Satvinder Bedi, and Sonya Bedi (collectively "Fuel Time #10") violated 29 U.S.C. §215(a)(3) in that they retaliated against Plaintiff for asserting rights under the FLSA.

61. Fuel Time #10 showed a reckless disregard of the provisions of the FLSA concerning the prohibition against retaliation against the assertion of FLSA rights and thus is liable to compensate the Plaintiffs for liquidated damages and other equitable relief.

62. Defendants actions were willful.

63. Defendants did not terminate Plaintiff for a legitimate, non-retaliatory reason.

## COUNT IV: WRONGFUL TERMINATION

64. Plaintiff re-alleges and incorporates by reference each and every allegation in this Complaint as though fully set forth herein.

65. Employers who have willfully violated the FLSA may be subject to criminal penalties, including fines and imprisonment. Therefore, in addition to liability under the FLSA, Fuel Time #10, Ravinder Bedi, Satvinder Bedi, and Sonya Bedi are liable under Mississippi's doctrine of wrongful termination in violation of public policy established under *McArn v. Allied Bruce-Terminix*, 626 So. 2d 603 (Miss. 1993), in that Plaintiff was terminated for complaining of the illegal activities of these defendants.

## COUNT V: INFLICTION OF EMOTIONAL DISTRESS

66. Plaintiff re-alleges and incorporates by reference each and every allegation in this Complaint as though fully set forth herein.

67. Fuel Time #10's conduct as described above was extreme and outrageous and was done with the intent of causing Plaintiff to suffer emotional distress or with reckless disregard as to whether their conduct would cause her to suffer such distress.

68. By the aforesaid acts and omissions of Fuel Time #10, Plaintiff has been directly and legally caused to suffer and continues to suffer emotional and mental distress, anguish, humiliation, embarrassment, and anxiety.

69. Fuel Time #10, by engaging in the aforementioned acts and/or in authorizing and/or ratifying such acts, engaged in willful, malicious, intentional, oppressive and despicable conduct, and acted with willful and conscious disregard of the rights, welfare and safety of Plaintiff, thereby justifying the award of punitive and exemplary damages in an amount to be determined at trial.

## JURY DEMAND

70. Plaintiff demands trial by jury of all issues, claims and defenses in this action that are triable as of right by a jury.

**WHEREFORE,** Plaintiff respectfully requests judgment be entered in her favor against Defendants:

a. Declaring that Defendants violated the FLSA;

b. Declaring that Defendants violated 29 U.S.C. § 215;

c. Awarding Plaintiffs overtime compensation in the amount due her for all hours worked over forty (40) hours per week from April 18, 2013 through April 18, 2016;

d. Awarding Plaintiffs liquidated damages in the amount of the overtime award;

e. Awarding Plaintiffs back pay and front pay (through age 65);

f. Awarding Plaintiffs prejudgment and post-judgment interest;

g. Awarding Plaintiffs compensatory damages, including lost wages and damages for emotional pain, suffering and humiliation;

h. Awarding Plaintiff reasonable attorney's fees and costs and expenses of this litigation pursuant to 29 U.S.C. § 216(b); and,

i. Ordering any other and further relief this Court deems to be just and proper.

Dated: June 6, 2018

Respectfully

PATRICIA WHITFIELD

By: *Vikki J. Taylor*
    VIKKI J. TAYLOR
    Counsel for Plaintiff


OF COUNSEL:

Vikki J. Taylor, MSB No. 9540
TAYLOR JONES & ASSOCIATES, PLLC
368 Highland Colony Parkway
Suite 176
Ridgeland, MS 39157

Post Office Box 1992
Madison, MS 39130-1992
(601) 608-8604
vikki@taylorjoneslaw.com

## CERTIFICATE OF SERVICE

I, VIKKI J. TAYLOR, do hereby certify that on this date I electronically filed the foregoing document with the Circuit Court of Hinds County Mississippi, First Judicial District, by using the MECF system. I certify that the following parties or their counsel of record are registered as MEC Filers and that they will be served by the MECF system:

> Jennifer G. Hall
> Baker Donelson Bearman Caldwell & Berkowitz, PC
> One Eastover Center
> 100 Vision Drive, Suite 400
> Jackson, MS 39211
> jhall@bakerdonelson.com
>
> Zachary B. Busey
> Baker Donelson Bearman Caldwell & Berkowitz, PC
> First Tennessee Building
> 165 Madison Avenue, Suite 2000
> Memphis, TN 38103
> zbusey@bakerdonelson.com
>
> M. Judith Barnett
> M. Judith Barnett, P.A.
> 1911 Dunbarton Drive
> Jackson, MS 39216
> mjbarnettpa@yahoo.com

This the 6th day of June 2018.

_Vikki J. Taylor_
Vikki J. Taylor